**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      No. 4:06CR00086-1 JLH

KEN BERNARD GATHRIGHT                                                                    DEFENDANT

**ORDER**

Ken Gathright has been indicted and charged with one count of stealing United States Army property valued in excess of $1,000 in violation of 18 U.S.C. § 641. The property that Gathright is alleged to have stolen are obsolete military protective suits which were "being stored awaiting destruction" at the Pine Bluff Arsenal. Gathright now moves to dismiss the indictment. He argues that the suits he allegedly stole were worthless since they were obsolete and slated for destruction. Consequently, he argues that the Government cannot show that the value of the property was in excess of $1,000, an essential element of the offense. He also argues that the government cannot prove the essential element of the offense that he intended the Army be deprived of the use and benefit of the clothing because, again, the suits were obsolete and worthless.

Dismissal of an indictment is an "extraordinary step." *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997). Ordinarily, a facially valid indictment returned by a duly constituted grand jury calls for a trial on the merits. *See Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 408-09, 100 L. Ed. 397 (1956). Gathright does not assert that the indictment is defective or fails to state an offense but rather challenges the sufficiency of the evidence against him. The Federal Rules of Criminal Procedure contain no provision for summary judgment or any other procedural mechanism

to test the strength of the Government's case pretrial. *United States v. Brown*, 481 F.2d 1035, 1042 (8th Cir. 1973).

Even assuming that such a procedure existed, Gathright would not be entitled to dismissal of the indictment against him. Section 641 defines "value" as "face, par, or market value, or cost price, either wholesale or retail, whichever is greater." The Government represents that it will present evidence at trial that Gathright sold the suits he took for either $10 or $5 each. A jury could find from such evidence that the suits were not worthless. *See United States v. Ligon*, 440 F.3d 1182, 1184 (9th Cir. 2006) (interpreting "market value" in § 641 to include value in a so-called "thieves' market"); *see also United States v. Brookins*, 52 F.3d 615, 619 (7th Cir. 1995); *United States v. Langston*, 903 F.2d 1510, 1514 (11th Cir. 1990). Although a jury might find that the aggregate value of the suits allegedly stolen do not exceed $1,000, Gathright can still be prosecuted under § 641 since the felony count encompasses the lesser included offense of stealing government property worth less than $1,000, a misdemeanor. Gathright's motion to dismiss is therefore DENIED.

IT IS SO ORDERED this 24th day of January, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE